**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4169**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAN RASCHARD BASON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00479-WO-1)

Submitted:  September 22, 2020                    Decided:  September 24, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellee.  Veronica Lynn Edmisten, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwan Raschard Bason appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Bason pleaded guilty pursuant to a written plea agreement, and the district court sentenced him to the mandatory minimum sentence of 180 months, followed by 5 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the voluntariness of the guilty plea and whether North Carolina common law robbery is a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Although advised of his right to file a supplemental pro se brief, Bason has not done so.[*] For the reasons set forth below, we affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Bason did not move to withdraw his guilty plea, we

---

[*] In lieu of a brief, Bason has submitted a letter requesting that we consider that he is at an increased risk of contracting COVID-19 due to an underlying medical condition. He requests no particular remedy, and Bason's request is beyond the scope of his appeal as it does not impact the validity of his conviction or the reasonableness of his sentence.

review the adequacy of the plea colloquy for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020).

Although counsel suggests that Bason did not understand the ACCA would apply to him and that he would face a 15-year mandatory minimum term of imprisonment, the district court clearly informed Bason at the plea colloquy that, if he had three prior convictions for separately occurring violent felonies or serious drug offenses, he would face a mandatory minimum sentence of 15 years. *See* 18 U.S.C. § 924(e). Bason confirmed that he understood the statutory penalties and the circumstances under which they would apply. Bason also confirmed at the Rule 11 colloquy that he had reviewed the written factual basis filed by the Government and agreed with those facts, which included his three North Carolina convictions for common law robbery. Based on our review of the record, we conclude that Bason's plea was knowing, voluntary, and supported by an independent factual basis, and that the district court committed no error in accepting Bason's guilty plea.

Additionally, counsel's challenge to Bason's designation as an armed career criminal based on his North Carolina common law robbery convictions is squarely foreclosed by our decision in *United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019) (holding that North Carolina common law robbery categorically qualifies as violent felony under ACCA's force clause).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bason, in writing, of the right to petition the

3

Supreme Court of the United States for further review. If Bason requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bason.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*